JOHN C. ROBERTSON, Respondent, v. BERTHA ACKERMANN, Garnishee, Appellant.

St. Louis Court of Appeals. Submitted on Briefs March 5, 1913. Opinion Filed April 8, 1913.

1. APPELLATE PRACTICE: Binding Effect of Theory at Trial. In a garnishment proceeding, where testimony tending to prove that a final judgment had been rendered against the execution defendant was admitted without objection and the garnishee tried the case on the theory that it had been rendered, the omission of the abstract to set it out cannot be taken advantage of by the garnishee, on appeal.

2. PROCESS: Conclusiveness of Officer's Return. The return of an officer showing service of summons on a certain person as president of a corporation conclusively establishes that due service was had on a corporation by that name, and hence

evidence that no such person had ever been president of the defendant corporation would not be admissible in a garnishment proceeding against one of its debtors, instituted in aid of the execution issued against it in such case.

Appeal from St. Louis City Circuit Court.—*Hon. William B. Homer*, Judge.

AFFIRMED.

*Peers & Peers* for appellant.

A return is not conclusive against one who is not served with a summons, when the party served is not the party sued but has the same name. Reid, Murdock & Co. v. Mercurio, 91 Mo. App. 673; Charles v. Flowers, 145 N. C. 243; Bank v. Authier, 52 Minn. 98.

*Abbott & Edwards* and *John C. Robertson* for respondent.

(1) This case must be tried in this court on the same theory on which it was tried before, and objections not made at the trial cannot now be entertained. Union E. L. & P. Co. v. Supply Co., 122 Mo. App. 631.

(2) Unless it appears from the face of the judgment that the court had no jurisdiction of the defendant, the validity of the judgment cannot be questioned when sought to be enforced by garnishment, without subjecting it to collateral attack, and this the law does not permit. The garnishee is not entitled to a discharge because the original judgment is voidable. Nebatt v. Normal School, 79 Mo. App. 198; Potter v. Whitten, 142 S. W. 453; 2 Shinn on Attachments and Garnishments, sec. 706.

REYNOLDS, P. J.—The respondent obtained a judgment before a justice of the peace against the Ackermann Soda Water Company, a corporation of this

State.   Execution was issued on this judgment against the corporation, and under it Mrs. Bertha Ackermann, appellant here, was duly summoned as garnishee.   The garnishee answered, denying that at the time of the service of the garnishment she had in her possession or under her control any money, property, goods or effects of the defendant, or that at the time of the service of the garnishment she owed the defendant any money, or that she owed it any money to become due at any future date.   Respondent, plaintiff below, took issue on this denial.   The cause was tried before the justice and judgment rendered against the garnishee. The garnishee appealing from this judgment, the cause was tried before the circuit court and a jury, and verdict returned against the garnishee for the amount of the judgment.   From this she has duly perfected her appeal to this court.

The contention of appellant, made in the trial court and urged before us, is that there was no judgment against  the defendant Ackermann Soda Water Company on which the garnishment in this case purported to be based; that there had been no service upon that corporation and that the trial court had erred in excluding evidence offered by the garnishee attacking the return of the constable.

There is no formal judgment set out in the abstract. It appears, however, that judgment was entered against the defendant corporation and the verbal testimony of plaintiff to that effect was admitted without objection or exception.   The trial proceeded in the circuit court upon the theory that there had been a final judgment entered before the justice of the peace against the defendant corporation.   The garnishee herself asked an instruction to the effect that if the jury believed from the evidence that the judgment of John C. Robertson against the Ackermann- Soda Water Company offered in evidence by the plaintiff was not rendered against the Ackermann Soda Water Company, a corporation

organized under the laws of the State of Missouri, but against a defendant of that name, the jury would find a verdict for defendant. While it is true the court refused this instruction, it is confirmatory of our statement, that the cause was tried in the circuit court upon the theory that final judgment against the defendant corporation had been entered by the justice in favor of plaintiff, respondent here, and was in evidence. The omission to include this judgment in the abstract of the record, which, according to the statement of the garnishee herself in this instruction, was in evidence, cannot be taken advantage of on appeal under this state of facts.

But that is not the real point of contention of the learned counsel for the garnishee, appellant. Their contention is that the judgment against the "Ackermann Soda Water Company" was not a judgment against the corporation with which the garnishee had been connected and from which she had derived her title to the property found in her possession, for the value of which she was charged by the verdict and judgment of the court to the amount of the judgment against the company. The return of the constable who served the summons in the original action, was that he had executed the summons in the city of St. Louis by delivering a copy of it to H. Fisher, president of the Ackermann Soda Water Company, a corporation, the defendant named in the summons. This return in this action, whether in the action itself or in the subsequent proceedings against the garnishee, is not subject to attack, is conclusive that due service had been had on a corporation of that name. But counsel undertook to prove that H. Fisher never had been president of that corporation. Evidence along that line was properly excluded, as tending to overturn the return of the officer. Counsel undertook to show that Fisher had assumed the name of the corporation without authority. That is no less than an attempt to challenge the return.

Robertson v. Ackermann.

In support of their contention that they should be allowed to prove that the corporation served by the sheriff was not the corporation with which the garnishee was connected, we are referred by counsel to the case of Reid, Murdock & Co. v. Mercurio et al., 91 Mo. App. 673. In that case an officer, who had served a writ directed against a person by a certain mane, was permitted to point out in court in giving his testimony, the person upon whom he had served it, it appearing that there were two individuals of that name. No such showing was made here. To the contrary, in the case at bar, by a stipulation entered into between counsel, it was agreed that on the 20th of March, 1901, there was incorporated under the laws of this State a company under the corporate name of Ackerman Soda Water Company; that that corporation is still in existence and that there was and is no other corporation by that name existing under the laws of this State. This stipulation disposes of the contention of duality, of a mistake or confusion between two corporations. Moreover, the oral evidence in the case tended to show that there never had been but the one corporation of that name. The evidence is abundant and conclusive to the effect that the property which was reached in the hands of the garnishee had been of the property and effects of that corporation and that the garnishee had obtained possession of them from that corporation without any consideration and had subsequently disposed of them. We see no error in the record or proceedings and the judgment of the circuit court is affirmed. *Nortoni* and *Allen*, JJ., concur.